```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**DONNA N. PARKS,**

    **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 1:21-00610**

**A.W. NAPIER,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on May 6, 2022, in which she recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, grant defendant's request for dismissal, and dismiss this action with prejudice from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). No party filed objections to the PF&R. However, on November 15, 2023, given

plaintiff's release from custody, the defendant filed a motion to dismiss the petition as moot. See ECF No. 10.

Dismissal of plaintiff's application as moot is appropriate because plaintiff has already been released from her term of incarceration. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Wallace v. Jarvis, 423 F. App'x 328, 2011 WL 1355195, *1 (4th Cir. Apr. 11, 2011) ("While Wallace challenges the calculation of his release date, he has been released from custody, and he does not allege any collateral consequences that would warrant relief."); Evora v. Johnson, Civil Action No. 3:09CV91-HEH, 2009 WL 1437592, *1 (E.D. Va. May 21, 2009) (dismissing as moot habeas petition where, having been released from custody, petitioner did not "attempt to demonstrate that the allegedly incorrect calculation [of time he was required to serve] inflicted any collateral consequences upon him").

Accordingly, because no case or controversy presently exists in this case, the court hereby **GRANTS** the motion to dismiss petition as moot, **DISMISSES** as moot plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard

is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 3rd day of June, 2024.

ENTER:

David A. Faber
Senior United States District Judge